IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin Cloney, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | *jury demand* |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, | ) | |
| Illinois, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2.     Plaintiff Kevin Cloney is a resident of the Northern District of Illinois.

3.     Defendants Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity.

4.     Defendant Cook County is responsible, in collaboration with defendant Sheriff, for providing medical and dental care to detainees at the Cook County Jail.

5.    Defendant Cook County is also an indispensable party in plaintiff's action against Sheriff Dart in his official capacity, pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003).

6.    Plaintiff entered the Cook County Jail on July 7, 2013 and was assigned jail identification number 2013-0707136.

7.    During plaintiff's intake into the Jail, plaintiff informed the medical staff that he suffered from severe pain from a tooth located on the lower left side of his mouth.

8.    As required by the rules and regulations of the Jail, plaintiff submitted a written "Health Service Request Form" ("HSR" form) to secure treatment for his dental pain.

9.    The written policies in effect at the Jail in 2013 required that a qualified healthcare professional conduct a face-to-face evaluation of any detainee who submitted an "HSR" form complaining dental pain.

10.    At all times relevant, the actual practice at the Jail was to ignore the above described policy; rather than a face-to-face evaluation of the detainee who complained of dental pain, the health care practitioner who reviewed HSR forms would refer all "HSR" forms complaining of dental pain to the division's designated dental clinic.

-2-

11.    In turn, the division's dental clinic deferred to the Jail's Patient Scheduling Department, a group of clerks with little medical training, to prioritize and schedule inmates for dental care. Pursuant to the Jail's then existing policies, the dental clinic had no control over when the patient would be scheduled for treatment.

12.    No later than November 7, 2013, defendant Dart and Cook County knew from the "CRIPA litigation," *United States v. Cook County,* 10-cv-2946, that registered nurses were not performing face-to-face screening of detainees requesting dental services.

13.    No later than November 7, 2013, defendant Dart and Cook County knew that the detainees complaining of dental pain would incur avoidable suffering, experience gratuitous pain, and incur personal injuries  if a registered nurse or higher level practitioner  did not conduct a face-to-face evaluation of each detainee who submitted an "HSR" form complaining of dental pain.

14.    At some time before November 7, 2013, policymakers for defendant Cook County determined that they would not fill vacant registered nurse positions at the Jail.

15.    No later than November 7, 2013, defendant Dart learned, through attending weekly meetings, that defendant Cook County was refusing to fill vacant registered nurse positions at the Jail.

16.     No later than November 7, 2013, defendant Cook County and defendant Dart learned that the County's refusal to fill vacant registered nurse positions at the Jail would continue the widespread practice that a registered nurse, or higher level practitioner, would not conduct a face-to- face assessment of each detainee who submitted an "HSR" form complaining of dental pain.

17.     On January 11, 2011, defendant Dart learned from *Untied States v. Cook County, Illinois,* 761 F.Supp.2d 794 (N.D.Ill. 2011) (three judge court), that he would be violating the constitutional rights of arrestees if he accepted them into the Cook County Jail when the Jail, because of overcrowding or understaffing, could not provide essential medical and dental services to detainees.

18.     Defendant Cook County and defendant Dart turned a blind eye to the inability of the Jail to provide essential medical and dental services to detainees and continued to accept arrestees, like plaintiff, into the Cook County Jail.

19.     Plaintiff experienced avoidable suffering, experienced gratuitous pain, and incurred personal injuries while he waited for his "HSR" forms to be processed.

20.    On September 8, 2013, plaintiff requested immediate dental treatment using a Cook County Department of Corrections Inmate Grievance Form for the following condition:

> I arrived at the CCDOC on July 7th 2013. At that time I informed the medical staff that I was experiencing pain from a tooth located on the left side of my lower jaw. I have filled out multiple medical requests and informed the staff of the dispensary and nothing has been done. I am experiencing severe daily pain and swelling due to infection. I have not been seen by any dental staff or been prescribed any treatment for my symptoms.

21.    Following this grievance plaintiff saw a dentist and was informed that he required follow up treatment for an extraction.

22.    Plaintiff, however, was transferred to another division within the Cook County Jail. Dental services at the Cook County Jail are decentralized in that each division is generally assigned to one particular dental clinic. As a result, plaintiff was not transported to the dental clinic by the Sheriff as ordered by the dentist for a tooth extraction.

23.    At all relevant times, the policy or widespread equivalent practice was that if a patient was transferred divisions with a previously scheduled dental appointment, neither the dental staff, the medical scheduling department, or the Sheriff's Office took any action to bring the patient to the appointment or facilitate another

appointment. As a result, a patient, like plaintiff, was required to resubmit a request for dental treatment to initiate the procedure for treatment by the dentist assigned to his division.

24.    As a result of the above described policy, plaintiff coninuted to submit multiple HSR forms requesting dental treatment.

25.    On January 14, 2014, while still experiencing extreme dental plain, plaintiff again complained about the poor dental treatment using a Cook County Department of Corrections Inmate Grievance Form:

> I have been waiting since 7-13-13 to see a dentist. All they would do for me was give me Ibuprofen and tell me that an appointment has been set. Then my appointment would come up and they wouldn't call me. Then the process would start over again and again and again. I'm writing this grievance because of improper process of dental care.

26.    As a result of the foregoing, plaintiff was not treated by a jail dentist until February 2014.

27.    As a result of the gross deficiencies in access to care, including the scheduling and transporting an inmate to the dental clinic, plaintiff experienced avoidable suffering, experienced gratuitous pain, and incurred personal injuries for more than seven months before he was treated by a dentist.

28.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment for an appropriate award of compensatory damages. Plaintiff also requests that the Court grant an award of fees and costs.

/s/  Patrick W. Morrissey

Patrick W. Morrissey
Thomas G. Morrissey
10150 S. Western Ave., Suite Rear
Chicago, IL 60643
(773) 233-7900
Patrickmorrissey1920@gmail.com

*Attorneys for plaintiff*